IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAYMONE MONTGOMERY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-0709-O-BD |
| | § | |
| WARDEN MAUREEN CRUZ, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Raymone Montgomery, a former federal prisoner, against the warden and two prison employees at FCI Seagoville. On April 6, 2011, plaintiff tendered a complaint to the district clerk and later filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on June 16, 2011. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

In March 2010, plaintiff was placed in administrative segregation pending an investigation into unspecified violations of prison policy. (*See* Plf. Compl. at 1; Mag. J. Interrog. #1). Plaintiff was assigned to the Special Housing Unit ("SHU") until his release from custody on June 15, 2010. (*See* Plf. Compl. at 1; Mag. J. Interrog. #4). Although plaintiff spent three months in administrative segregation, he was never charged with a disciplinary violation. (*Id.*). In this action, plaintiff appears to allege that he was assigned to the SHU without due process and that the conditions of his confinement while in administrative segregation constituted cruel and unusual punishment. (*See* Mag. J. Interrog. #2-6). By this suit, plaintiff seeks damages totaling $2.2 million.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain

detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom., Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

Plaintiff alleges that he was placed in administrative segregation for three months without due process. The Fifth Circuit has held that "segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996), *quoting Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 1690 (1996). Rather, it is part of the "ordinary incidents of prison life." *Id., citing Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995); *see also Ramirez v. Secrease*, 174 F.3d 198 (Table), 1999 WL 152933 at *1 (5th Cir. Feb. 19, 1999) (affirming summary dismissal of *Bivens* claim brought by federal prisoner who was placed in administrative segregation pending investigation for disciplinary infraction). Without evidence that plaintiff was harmed by his placement in administrative segregation, he cannot maintain a cause of action under *Bivens*.

C.

Nor can plaintiff maintain a *Bivens* claim based on the conditions of his confinement while incarcerated at FCI Seagoville. The treatment of prisoners and the conditions of their confinement are subject to scrutiny under the Eighth Amendment to the United States Constitution. *See Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994), *citing Helling v. McKinney*, 509 U.S. 25, 31, 113 S.Ct. 2475, 2480, 125 L.Ed.2d 22 (1993). Among the constitutional duties imposed on prison officials are to ensure that inmates receive adequate food, clothing, shelter,

sanitation, and medical care. *Id.*, 114 S.Ct. at 1976, *citing Hudson v. Palmer*, 468 U.S. 517, 526-27, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984). In order to establish a constitutional violation, plaintiff must show that the conditions of his confinement deprived him of some "basic human need" or other "minimal civilized measure of life's necessities," *see Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995) (citing cases), and that prison officials were deliberately indifferent to his health and safety. *See Farmer*, 114 S.Ct. at 1977.

In his complaint and interrogatory answers, plaintiff generally complains that he was kept in the SHU, which does not have air conditioning or daily shower access, despite the fact that he suffers from asthma and diabetes. (*See* Mag. J. Interrog. #2, 5). However, he fails to identify any basic human need that prison officials failed to meet. Nor is there any indication that the warden and prison staff were deliberately indifferent to his health and safety. While the conditions of his confinement may have been unpleasant or uncomfortable, that alone does not give rise to an Eighth Amendment violation. *See Woods*, 51 F.3d at 581.

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing

the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 22, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE